Pearson, C. J.
 

 This case presents the question: can the plaintiff recover without averring a readiness on his part, to execute title ? This depends upon the construction of the covenant; in regard to which, vre entertain an opinion differing from that of his Honor. Where the covenants are dependent, and the acts are to be done concurrently, readiness on the part of the plaintiff must be averred in the declaration. If the covenants are independent, such averment need not be made.. This rule of law is admitted, and the only difficulty grows out of its application.
 

 In our case, the covenant bound the defendant to pay the sum of $13,000, on or before the first day of May, 1858,
 
 *557
 
 and the plaintiff to make a good title “ whenever” the money is paid. Row, it seems to us, that, according to the proper construction of this instrument, the defendant had a right to expect that “whenever,” that is, “at any time when” he paid the money, the plaintiff, as a concurrent act, would execute title. Such is the literal meaning of the word “whenever,” and the legal effect of the instrument is this: McKesson is not obliged to pay the money before the first day of May, although he may do so sooner, if he chooses, and call for a title. Hardy cannot require payment until that day; but on, or after, that time, it may be enforced, provided he executes a good title, or is ready and able to do so, “whenever” the money is paid ; and the reason for fixing a day, in respect to the time of payment, was, to give McKesson an opportunity to raise the funds, it being assumed that Hardy would be ready and willing
 
 at all times
 
 to execute title whenever payment was made.
 

 This construction made, according to the literal meaning of the terms used, is confirmed bj' a consideration of the nature of the transaction : — •
 

 The purpose for which Hardy retained the title was, simply, to secure the payment of the purchase-money. When that was done, there was no longer any reason for holding it, and the intention was that it should be passed, upon, and as, a concurrent act with the payment of the money. It would have been unreasonable to require McKesson to pay $13,000 without getting a title, and a construction which assumes that, he intended to bind himself to do so, and rely upon an action against Hardy to recover damages for a breach of covenant, departs from the ordinary course of things, and shocks our common sense! Had this been the intention, McKesson would have executed a plain note of hand for the money, and taken a penal bond for the title.
 

 It is, as a general rule, most consistent with justice, that the acts should be performed concurrently, so as to dispose of the whole matter at the same time. Hence, Courts of Law incline to the construction by which covenants are made de
 
 *558
 
 pendent, unless a contrary intention is expressed, as "When the price is to be paid at a specified time, and the title is to be made at another; see
 
 Clayton v. Blake,
 
 4 Ired. Rep. 497, where the subject is discussed; and a Court of Equity will never decree a specific performance by the payment of the purchase money, without requiring the execution of a good title as a concurring act. Judgment reversed, and judgment of nonsuit.
 

 PjsR Oubiam, Judgment reversed.